

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2004

# USA v. Remache-Garcia

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3243

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Remache-Garcia" (2004). *2004 Decisions.* Paper 512.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/512

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3243

UNITED STATES OF AMERICA

v.

LUIS ANGEL REMACHE-GARCIA,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 02-cr-00158)
District Judge: Hon. Gary L. Lancaster

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2003

(Filed: July 8, 2004)

Before: NYGAARD, McKEE and CHERTOFF, Circuit Judges.

OPINION

McKEE, Circuit Judge.

Luis Angel Remache-Garcia appeals his conviction for possessing a false

identification document with the intent to defraud in violation of 18 U.S.C. § 1028(a)(4).

For the reasons that follow, we will affirm.[1]

_____

[1] Inasmuch as we write only for the parties who are familiar with the background of
this case, we will not repeat that background except insofar as may be helpful to our brief
discussion.

## I.

Remache-Garcia makes three arguments. First, he challenges the sufficiency of the evidence to establish his intent to defraud. Second, he argues that the testimony of government expert Darin Jones should have been excluded under Fed. R. Evid. 403. Third, he argues that evidence regarding his immigration status should have been excluded because it was both irrelevant and prejudicial. We examine each argument in turn.

## A.

Remache-Garcia argues that the evidence was not sufficient to establish beyond a reasonable doubt that he knew the federal government was connected to the commercial driver's license program or that he otherwise intended to defraud the federal government. The government argued at trial that Remache-Garcia possessed the false license to conceal that he was illegally residing in this country and illegally working here, and this established his fraudulent intent. It also argued that it was not necessary to prove that Remache-Garcia knew that commercial drivers' licenses are part of a federal program because he possessed the license with the intent of evading other federal laws.

We must sustain the verdict if it is supported by substantial evidence as viewed in the light most favorable to the government. *United States v. Gambone,* 314 F.3d 163, 170 (3d Cir. 2003), *cert. denied*, 124 S. Ct. 67 (2003) (internal citations and quotation marks omitted). The evidence here established that Remache-Garcia was using a legal alien's license and the jury could reasonably infer that he was doing so to evade U.S.

2

immigration and labor laws that prohibit foreign nationals remaining and working in the United States without specific permission. It was therefore not necessary to prove that Remache-Garcia specifically intended to defraud the United States because the jury could reasonably conclude that he used the false identification to circumvent this country's immigration and labor laws.[2]

**B.**

The defendant also argues that Jones' expert testimony was irrelevant because it served only to prove a connection between interstate commerce and the commercial drivers' license program and this connection is not an element of the charged offense. He also argues that the testimony might have confused the jury into believing that it was sufficient for the government to establish a mere connection to interstate commerce rather than his intent to defraud the United States government.[3] The government responds that Jones' testimony was relevant to Remache-Garcia's motive in using a false license because the testimony educated the jury about the commercial drivers' license program

---

[2] *See United States v. In*, 1997 WL 189310 at *2 (9th Cir. 1997 (Guam)). There, the Court of Appeals for the Ninth Circuit affirmed defendants' convictions under Section 1028(a)(4) under similar circumstances. The defendants had used photocopied licenses to obtain genuine Guam driver's licenses, and the court concluded that this "was an essential part of their scheme to defraud the United States by violating its immigration and labor laws." *Id*. at *8. Similarly, the jury here could infer that Remache-Garcia's use of Rivas-Arias' license was necessary to the former's scheme to defraud the United States by violating immigration and labor laws.

[3] We review a district court's decision to admit or exclude evidence for abuse of discretion. *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 453 (3d Cir. 1997).

and the job opportunities such a license provides.

However, Fed. R. Evid. 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See In re Paoli R.R. Yard PCB Litig.* (quoting Fed. R. Evid. 403). When applying Rule 403, "we must assess the genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds." *United States v. Sriyuth*, 98 F.3d 739, 747-48 (3d Cir. 1996).

Jones' testimony supported the government's contention that Remache-Garcia possessed the false license with the intent to deceive. The testimony established that Remache-Garcia could use the license to work in the United States even though he was prohibited from working because of his immigration status. The license therefore afforded Remache-Garcia significant job opportunities to work across the United States. Moreover, given the nature of the evidence and the purpose for which it was introduced, the defendant's claim that the testimony may have confused the jury is both speculative and meritless.[4]

---

[4] The jury was instructed that, in order to find Remache-Garcia guilty of violating Section 1028(a)(4), it "must be convinced that the Government has proved each of the following two things beyond a reasonable doubt. First, . . . he knowingly possessed a false identification document. . . . Second, at the time Defendant possessed the false identification document, he did so with the intent that the license be used to defraud the United States." The court elaborated: "'To defraud' means to deceive, to mislead, to fool.

## C.

Remache-Garcia's final argument is that evidence regarding his status as an illegal alien should not have been admitted at trial because it was irrelevant to the charged offense and highly prejudicial. "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *United States v. Lopez,* 340 F.3d 169, 172-73 (3d Cir. 2003) (quoting Fed. R. Evid. 404(b)). To determine whether to admit evidence of crimes other than the offense(s) charged under Rule 404(b), the court considers two issues: "whether the evidence is logically relevant, under Rule 404(b) and Rule 402, to any issue other than the defendant's propensity to commit the crime; and second, whether under Rule 403 the probative value of the evidence outweighs its prejudicial effect." *United States v. Himelwright*, 42 F.3d 777, 781 (3d Cir. 1994) (citing *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992)).

Remache-Garcia's immigration status was, according to the prosecution, the very reason that he possessed the false commercial drivers' license. As noted above, that license allowed him employment he was ineligible for. It is ironic that he attacks the relevance of this evidence while arguing that the evidence was insufficient to establish his

---

. . . That is, the United States must have been the intended target of this deception." App. at 428.

intent to defraud; the very thing the evidence established. The argument is meritless and requires no further discussion.

## II.

For the foregoing reasons, we affirm the district court's decision.